## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OYA RENEWABLES DEVELOPMENT LLC, *et al.*,[1] | Case No. 24-12574 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. Nos. 152, 283 & 285** |

## NOTICE OF FILING OF PROPOSED SALE ORDER FOR
## GF KESTREL SOLAR BORROWER SERIES 1, LLC

**PLEASE TAKE NOTICE** that on November 6, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on December 10, 2024, the Court entered the *Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, (C) Scheduling an Auction and a Hearing on the Approval of the Sale(s) of Some, All, or Substantially All of the Debtors' Assets, (D) Authorizing the Debtors to Enter Into the Purchase Agreement(s), (E) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, and (F) Granting Related Relief* [Docket No. 152] (the "Bidding Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order, the Debtors previously filed a notice [Docket Nos. 283 & 285] (as amended, the "Notice")[2] identifying GF Kestrel Solar Borrower Series 1, LLC as the Successful Bidder and UGE Capital LLC as the Back-Up Bidder for the applicable Assets as described in the Notice.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures Order, the Debtors have filed a proposed form of Sale Order, attached hereto as <u>Exhibit A</u> (the "Proposed Sale Order"), approving the Sale of the applicable Assets to the Successful Bidder or

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are OYA Renewables Development LLC (7738), OYA Renewables Construction and Yield Holdings LLC (9227), OYA Renewables EquipmentCo LLC (6444), OYA Renewables Construction Holdings 3 LLC (2317), OYA-Rosewood Holdings LLC (1673), OYA Renewables Construction Holdings 2 LLC (9296), OYA Renewables Yield-1 LLC (4326), and OYA-OMNI Development Company, LLC (9784).  The Debtors' service address is c/o Ankura Consulting Group, LLC, 2 Houston Center, 909 Fannin Street, Suite 2450, Houston, TX 77010, Attn: John Shepherd.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order or the Notice, as applicable.

Back-Up Bidder, as applicable.  The Debtors reserve all rights to submit a revised form of the Proposed Sale Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the applicable Sale at the Sale Hearing scheduled for **January 23, 2025, at 2:00 p.m. (prevailing Eastern Time)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, or such other time thereafter as counsel and the interested parties may be heard. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by including such adjournment on any agenda filed with the Court or by the filing of a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order, any objection regarding the conduct of the Auction, the approval of the Sale, or the ability of the Successful Bidder to provide adequate assurance of future performance or the proposed form of adequate assurance must be in writing, state the basis of such objection with specificity, and be filed with the Court and served on the Notice Parties (as defined in the Bidding Procedures Order) on or before **4:00 p.m. (prevailing Eastern Time) on January 16, 2025**, which is three business days after the conclusion of the Auction.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Bidding Procedures Order, and all pleadings in these chapter 11 cases, are on file with the Clerk of the Court, Third Floor, 824 North Market Street, Wilmington, Delaware 19801 and are available on the Debtors' claims and noticing agent's website free of charge at https://cases.ra.kroll.com/oya.

*[Remainder of page intentionally left blank.]*

Dated: January 15, 2025
Wilmington, Delaware

/s/ Rebecca L. Lamb

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Robert S. Brady (Del. Bar No. 2847)
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Rebecca L. Lamb (Del. Bar No. 7223)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
         emorton@ycst.com
         kenos@ycst.com
         rlamb@ycst.com

*Co-Counsel to the Debtors and Debtors in
Possession*

**SIDLEY AUSTIN LLP**
Duston K. McFaul (admitted *pro hac vice*)
Maegan Quejada (admitted *pro hac vice*)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:    (713) 495-4500
Facsimile:    (713) 495-7799
Email:        dmcfaul@sidley.com
              mquejada@sidley.com

Nathan C. Elner (admitted *pro hac vice*)
Chelsea M. McManus (admitted *pro hac vice*)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    (214) 981-3300
Facsimile:    (214) 981-3400
Email:        nelner@sidley.com
              cmcmanus@sidley.com

Ian C. Ferrell (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
Email:        iferrell@sidley.com

*Co-Counsel to the Debtors and Debtors in
Possession*

## **EXHIBIT A**

**Proposed Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| OYA RENEWABLES DEVELOPMENT LLC, *et al.*,[1] | Case No. 24-12574 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Ref: Docket No. 12, 152, 190, 191, 192, 198, 207, 265, 283** |

## ORDER (I) APPROVING THE SALE OF THE TRANSFERRED ASSETS TO GF KESTREL SOLAR BORROWER SERIES 1, LLC FREE AND CLEAR OF ALL ENCUMBRANCES, (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE TRANSFERRED CONTRACTS, AND (III) GRANTING RELATED RELIEF

Upon the motion ("Motion")[2] of OYA Renewables Development LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"): (a) authorizing and approving the Debtors' entry into the Purchase Agreements (as defined below) with the Successful Purchaser and Back-Up Purchaser (each as defined below), (b) authorizing the Sale Transaction (as defined below), free and clear of all Liens, Claims, Interests, and encumbrances (each as defined herein and collectively, the "Encumbrances") or Liability,[3] except for certain assumed liabilities, (c) authorizing and approving the assumption and assignment of the Potentially Assigned Agreements in connection with the Sale Transaction, including proposed Cure Amounts (if any), and (d) granting related relief; and this Court having

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are OYA Renewables Development LLC (7738), OYA Renewables Construction and Yield Holdings LLC (9227), OYA Renewables EquipmentCo LLC (6444), OYA Renewables Construction Holdings 3 LLC (2317), OYA-Rosewood Holdings LLC (1673), OYA Renewables Construction Holdings 2 LLC (9296), OYA Renewables Yield-1 LLC (4326), and OYA-OMNI Development Company, LLC (9784). The Debtors' service address is c/o Ankura Consulting Group, LLC, 2 Houston Center, 909 Fannin Street, Suite 2450, Houston, TX 77010, Attn: John Shepherd.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion or the Purchase Agreements (as defined below), as applicable.

[3] "Liability" or "Liabilities" have the meanings ascribed to such terms in the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable.

previously entered the Bidding Procedures Order[4], authorizing and approving, *inter alia*, bid procedures for the Assets; and the Auction having commenced on January 7, 2025, and continued on January 13, 2025 (the "Auction"), in accordance with the Bidding Procedures Order; and the Debtors have executed (x) that certain [*Asset Purchase Agreement*] by and among Debtor OYA Renewables Yield-1 LLC and GF Kestrel Solar Borrower Series 1, LLC (the "Successful Purchaser"), dated as of [●], 2025 (as may be amended or modified from time to time in accordance with the terms thereof and this Order, the "Successful Purchase Agreement") and (y) that certain [*Equity and Asset Purchase Agreement*] by and among certain of the Debtors and UGE Capital LLC (the "Back-Up Purchaser"), dated as of [●], 2025 (as may be amended or modified from time to time in accordance with the terms thereof and this Order, the "Back-Up Purchase Agreement" and, together with the Successful Purchase Agreement, the "Purchase Agreements"), attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, each contemplating the sale of the Transferred Assets (as defined in the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable) identified therein free and clear of any Encumbrances or Liabilities other than the Permitted Encumbrances, the assumption and assignment to the Successful Purchaser or the Back-Up Purchaser of those Potentially Assigned Agreements identified therein (the "Transferred Contracts")[5] (collectively, the "Sale Transaction," and any ancillary documents executed in connection therewith, the "Transaction Documents"); and the Debtors having filed the *Notice of Designation of Successful Bid(s) and Back-Up Bid(s)* [Docket

---

[4] The "Bidding Procedures Order" means the *Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Debtors to Enter Into the Stalking Horse Purchase Agreement, (C) Scheduling an Auction and a Hearing on the Approval of the Sale of Some, All, or Substantially All of the Debtors' Assets, (D) Authorizing the Debtors to Enter Into the Purchase Agreement(s), (E) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, and (F) Granting Related Relief* [Docket No. 152], entered on December 10, 2024.

[5] A list of the Transferred Contracts identified by the Successful Purchaser is attached hereto as **Exhibit 3**. A list of the Transferred Contracts identified by the Back-Up Purchaser is attached hereto as **Exhibit 4**.

32760151.1

No. 283, as amended by Docket No. 285] (the "Notice of Successful Bid(s)") announcing that , in accordance with the Bidding Procedures Order and after consultation with the Consultation Parties, the Debtors decided in their reasonable business judgment to designate (x) the Successful Purchaser as the highest or otherwise best bidder for the Transferred Assets pursuant to the Successful Purchase Agreement following the Auction and (y) the Back-Up Purchaser as the next-highest or next-otherwise best bidder for the Transferred Assets pursuant to the Back-Up Purchase Agreement following the Auction; and this Court having conducted a hearing on [January 23], 2025, to consider approval of the Sale Transaction (the "Sale Hearing") in accordance with the Bidding Procedures Order, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Transaction; and this Court having reviewed and considered (i) the Motion and the exhibits thereto, (ii) the Bidding Procedures Order, (iii) the Successful Purchase Agreement, (iv) the Back-Up Purchase Agreement, (v) the [●] Declaration,[6] (vi) the results of the Auction, (vii) the objections and other responses to approval of the Sale Transaction, if any, (viii) the declaration(s) submitted in support of approval of the Sale Transaction, and (ix) the arguments and representations of counsel made, and the evidence proffered or adduced at the Sale Hearing; and due and proper notice of the Motion and the relief requested therein, including, but not limited to, approval of the Purchase Agreements and this Order having been provided in accordance with the Bidding Procedures Order, the Bankruptcy Rules, and the Local Rules, and no other or further notice being necessary; and all objections, if any, to approval of the Sale Transaction having been withdrawn, resolved (including by separate agreement between the objecting party and the Debtors and/or the Successful Purchaser, as applicable), adjourned, or overruled as provided in this Order; and this Court having found and

---

[6] The "[●] Declaration" means the *Declaration of [●] in Support of the Order (I) [ORDER TITLE]* [Docket No. [●]].

determined that the relief sought at the Sale Hearing, entry of this Order, and approval of the Sale Transaction is in the best interests of the applicable Debtors, their Estates, their creditors, and all parties in interest in these Chapter 11 Cases; and upon the record of the Sale Hearing and these Chapter 11 Cases; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[7]**

A. **Petition Date**. On November 6, 2024 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their businesses and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. **Jurisdiction & Venue**. This Court has jurisdiction to consider the Motion and the relief requested pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) as to which the Court has authority to issue a final order consistent with Article III of the United States Constitution. Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. **Statutory Predicates**. The predicates for the relief granted herein are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, and 9007, and Local Rules 2002-1 and 6004-1.

---

[7] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by this Court at the Sale Hearing are hereby incorporated to the extent not inconsistent herewith.

D.      **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(j) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, expressly directs that this Order be effective immediately upon entry, and waives any stay of execution or implementation of this Order.

E.      **Notice**. The Debtors gave due and proper notice of the proposed Bidding Procedures and proposed Sale(s) on November 8, 2024 [Docket No. 68], December 9, 2024 [Docket No. 148], December 10, 2024 [Docket No. 151], December 15, 2024 [Docket No. 198], and December 24, 2024 [Docket No. 207], the Auction and the Sale Hearing on December 10, 2024 [Docket No. 192] and January 10, 2025 [Docket No. 277], and the results of the Auction on January 14, 2025 [Docket No. [●]] (collectively, the "Sale Notice"). The Sale Notice constitutes good, sufficient, and appropriate notice of the Sale Transaction under the particular circumstances, and no other or further notice need be given with respect to the proposed Sale Transaction. As provided by the Sale Notice, a reasonable opportunity to object and/or be heard regarding the requested relief has been afforded to all interested "persons" (as defined in section 101(41) of the Bankruptcy Code) and other "entities" (as defined in section 101(15) of the Bankruptcy Code). Other parties interested in bidding on the Transferred Assets were provided, pursuant to the Bidding Procedures Order, sufficient notice and information to make an informed judgment on whether to bid.

F.      The Debtors also gave due and proper notice of the potential assumption and assignment of each executory contract or unexpired lease available to be assumed by the Debtors and assigned to the Successful Purchaser to each non-debtor party under each such executory

contract or unexpired lease as reflected on the notice of potential assumption and assignment of the Potentially Assigned Agreements, filed on December 10, 2024 [Docket Nos. 190 (unredacted), 191 (redacted)] and January [●], 2025 [Docket No. [●]][8] (together with any supplemental notices, the "Cure Notice"). Such notice was good, sufficient, and appropriate under the particular circumstances, and the counterparties to the Potentially Assigned Agreements are hereby deemed to consent to the relief granted herein, unless otherwise provided in this Order.

G.      As evidenced by the affidavits of service [Docket Nos. 50, 77, 215, 218, 232, 240, 247] previously filed with this Court, and as shall subsequently be filed with this Court to the extent necessary, and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the Assumption and Assignment Procedures, the Cure Amounts, the assumption and assignment of the Transferred Contracts, the Purchase Agreements, this Order, and the Sale Transaction has been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 9006, 9007, and 9014, and Local Rules 2002-1 and 6004-1. The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the Cure Amounts, the Assumption and Assignment Procedures, the assumption and assignment of the Transferred Contracts, the Purchase Agreements, this Order, and the Sale Transaction, as required by the Bidding Procedures Order. The aforementioned notices are good, sufficient, and appropriate under the circumstances, and no other or further notices of such are or shall be required.

---

[8] Pursuant to the Cure Notice dated January [●], 2025, counterparties to such executory contracts and/or unexpired leases shall have until [●], 2025, to file a Cure Objection (as defined in the Cure Notice).

H.      A reasonable opportunity to object and/or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

I.      **Bidding Procedures**. On December 10, 2024, the Court entered the Bidding Procedures Order approving, among other things, the Bidding Procedures for the Sale(s) of the Debtors' Assets and the Assumption and Assignment Procedures for the related assumption and assignment of any Potentially Assigned Agreements related to any Sale(s). As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel at the Sale Hearing, the Debtors have complied in all material respects with the Bidding Procedures Order. The Debtors and their professionals have adequately and appropriately marketed the Transferred Assets in compliance with the Bidding Procedures and the Bidding Procedures Order, and in accordance with the Debtors' fiduciary duties. Based upon the record of these proceedings, creditors, other parties in interest, and prospective purchasers were afforded a full, fair, and reasonable opportunity to make a higher or otherwise better bid for the Transferred Assets.

J.      The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders, were the result of arm's-length negotiations, and afforded notice and a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase the Transferred Assets. The Debtors conducted the sale process in an open and fair manner without collusion and in accordance with the Bidding Procedures.

K.      The sale process was non-collusive in all respects, and the Debtors: (a) afforded all interested parties a full, fair, and reasonable opportunity to qualify as a Qualified Bidder and make an offer to participate in the Auction; (b) provided potential bidders, upon request, sufficient information to enable them to make an informed judgment on whether to bid in the Auction; and (c) appropriately considered all bids that were duly submitted in accordance with the Bidding

Procedures. The Debtors, the Successful Purchaser, the Back-Up Purchaser, and their respective counsel and other advisors have complied with the Bidding Procedures and the Bidding Procedures Order.

L.      The Successful Purchaser is the designated Successful Bidder for the Transferred Assets, and the Successful Purchase Agreement is designated the Successful Bid for the Transferred Assets enumerated therein, in each case, in accordance with the Bidding Procedures Order. The Successful Purchaser and its professionals have complied in all material respects with the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, and all other applicable orders of this Court in negotiating and entering into the Successful Purchase Agreement. The Sale Transaction and the Successful Purchase Agreement likewise complies with the Bidding Procedures Order and all other applicable orders of this Court.

M.      The Back-Up Purchaser is designated the Back-Up Bidder, and the Back-Up Purchase Agreement is designated the Back-Up Bid for the Transferred Assets enumerated therein, in each case, in accordance with the Bidding Procedures Order. The Back-Up Purchaser and its professionals have complied in all material respects with the Bidding Procedures Order, the Bidding Procedures, and the Assumption and Assignment Procedures, and all other applicable orders of this Court in negotiating and entering into the Back-Up Purchase Agreement. The Sale Transaction and Back-Up Purchase Agreement likewise comply with the Bidding Procedures Order and all other applicable orders of this Court.

N.      **Business Judgment**. The Successful Purchase Agreement, including the form and total consideration to be realized by the Debtors under the Successful Purchase Agreement: (a) constitutes the highest or otherwise best offer received by the Debtors for the Transferred

Assets; (b) is fair and reasonable; and (c) is in the best interests of the applicable Debtors, their estates, their creditors and all other parties in interest.

O.      The Debtors' determination that the consideration provided by the Successful Purchaser under the Successful Purchase Agreement constitutes the highest or otherwise best offer for the Transferred Assets is reasonable and constitutes a valid and sound exercise of the Debtors' business judgment.

P.      The Back-Up Purchase Agreement, including the form and total consideration to be realized by the Debtors under the Back-Up Purchase Agreement: (a) constitutes the next-highest or next-otherwise best offer received by the Debtors for the Transferred Assets; (b) is fair and reasonable; and (c) is in the best interests of the applicable Debtors, their estates, their creditors and all other parties in interest.

Q.      The Debtors' determination that the consideration provided by the Back-Up Purchaser under the Back-Up Purchase Agreement constitutes the next-highest or next-otherwise best offer for the Transferred Assets is reasonable and constitutes a valid and sound exercise of the Debtors' business judgment.

R.      Consistent with their fiduciary duties, the Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale Transaction and the performance of their obligations under the Purchase Agreements, including, but not limited to, the fact that: (a) the Sale Transaction is a result of due deliberation by the Debtors and constitutes a sound and reasonable exercise of the Debtors' business judgment consistent with their fiduciary duties; (b) the total cash (and any non-cash consideration) provided by the Successful Purchaser or the Back-Up Purchaser for the Transferred Assets as reflected in the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, will provide a greater recovery for

the Debtors' estates than would be provided by any other available alternative, including a separate liquidation of the Transferred Assets; and (c) unless the Sale Transaction is concluded expeditiously as provided for in the Motion and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, creditor recoveries will be diminished.

S.    **Adequate Marketing; Highest or Best Offer**. As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing, as applicable, and the representations of counsel made on the record at the Sale Hearing, as applicable: (a) the Debtors and their professionals adequately marketed the Transferred Assets and conducted the sale process in compliance with the Bidding Procedures Order in good faith and in a fair and open manner; (b) the sale process and the Bidding Procedures were non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any interested party to conduct due diligence and make an offer to purchase the Transferred Assets and submit higher or better offers for the Transferred Assets than the Successful Purchaser's Successful Bid or the Back-Up Purchaser's Back-Up Bid; (c) the cash consideration provided by the Successful Purchaser in the Successful Purchase Agreement constitutes the highest or otherwise best offer for the Transferred Assets; (d) the cash consideration provided by the Back-Up Purchaser in the Back-Up Purchase Agreement constitutes the next-highest or next-otherwise best offer for the Transferred Assets; (e) the cash consideration provided by the Successful Purchaser and the Back-Up Purchaser is fair and reasonable consideration for the Transferred Assets and constitutes reasonably equivalent value under the Bankruptcy Code, the Uniform Voidable Transactions Act, and any other applicable laws of the United States, any state, territory, possession, or the District of Columbia; (f) the Sale Transaction will provide a greater recovery to the applicable Debtors' creditors than would be provided by any other presently available alternative transaction with respect to the Transferred Assets; (g) taking

into consideration all relevant factors and circumstances, no other entity has offered to purchase the Transferred Assets for greater economic value to the applicable Debtors or their estates than the Successful Purchaser; and (h) the Debtors determined that the Successful Purchase Agreement constitutes the highest or otherwise best offer for the Transferred Assets and that the Back-Up Purchase Agreement constitutes the next-highest or next-otherwise best offer for the Transferred Assets, maximizes value for the applicable Debtors' estates, and constitutes a valid and sound exercise of the Debtors' business judgment. There is no legal or equitable reason to delay closing of the Sale Transaction (the "Closing") contemplated by the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable.

       T.     **Corporate Authority**. Subject to entry of this Order, the Debtors: (a) have full corporate power and authority to execute and deliver the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and all other documents contemplated thereby, and the Sale Transaction and the sale of the Transferred Assets have been duly and validly authorized by all necessary corporate action of the Debtors; (b) have all of the corporate power and authority necessary to consummate the transactions contemplated by the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts; (c) have taken all corporate action necessary to authorize and approve the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and the consummation by the Debtors of the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts; and (d) need no consents or approvals, including any consents or approvals from any non-Debtor entities, other than those expressly set forth in this Order and the Successful Purchase Agreement or the Back-Up Purchase Agreement,

as applicable, to consummate the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts.

U.     **Arm's-Length Sale**. The sale process engaged in by the Debtors, the Successful Purchaser, and the Back-Up Purchaser, including, without limitation, the Auction, was conducted in accordance with the Bidding Procedures and the Bidding Procedures Order. The Purchase Agreements were negotiated, proposed, and entered into by the Sellers and the Successful Purchaser and/or the Back-Up Purchaser in good faith, without collusion of any kind, and from arm's-length bargaining positions, and the Purchase Agreements are substantively and procedurally fair to all parties in interest. The Debtors, the Successful Purchaser, the Back-Up Purchaser, and their respective advisors have complied, in good faith, in all material respects with the Bidding Procedures Order and the Bidding Procedures. The Debtors and their management, board of directors, employees, agents, advisors, and representatives, and the Successful Purchaser and the Back-Up Purchaser and their respective employees, agents, advisors and representatives, actively participated in the bidding process and in the Auction, and each acted in good faith and without collusion or fraud of any kind. The Successful Purchaser and the Back-Up Purchaser subjected their bid to competitive bidding in accordance with the Bidding Procedures and were designated the Successful Bidder or Back-Up Bidder, as applicable, for the Transferred Assets in accordance with the Bidding Procedures and the Bidding Procedures Order. All payments to be made by the Successful Purchaser and other agreements or arrangements entered into by the Successful Purchaser and the Back-Up Purchaser and other agreements or arrangements entered into by the Back-Up Purchaser in connection with the Sale Transaction have been disclosed. The form and total amount of consideration to be realized by the applicable Debtors under the Successful Purchase Agreement or the Back-Up Purchase Agreement constitute fair value, fair,

full, and adequate consideration, reasonably equivalent value, and reasonable market value for the Transferred Assets. Neither the Debtors, the Successful Purchaser, nor the Back-Up Purchaser has engaged in any conduct that would cause or permit the Successful Purchase Agreement, the Back-Up Purchase Agreement, or the Sale Transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code, and accordingly neither the Debtors, the Successful Purchaser, nor the Back-Up Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction.

V.     **Good Faith**. Each of the Successful Purchaser and the Back-Up Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the rights, privileges, immunities, and protections afforded thereby, including in the event this Order or any portion thereof is reversed or modified on appeal, and each of the Successful Purchaser and Back-Up Purchaser has proceeded in good faith in all respects in connection with the Sale Transaction specifically and these Chapter 11 Cases generally. Neither the Debtors, the Successful Purchaser, nor the Back-Up Purchaser has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. The Debtors were free to deal with any other party interested in buying or selling some or all of the Transferred Assets on behalf of the Debtors' estates. The protections afforded by section 363(m) of the Bankruptcy Code are integral to the Sale Transaction and the Successful Purchaser would not consummate the Sale Transaction without such protections.

W.     Neither the Successful Purchaser, the Back-Up Purchaser, nor any of their respective affiliates, officers, directors, managers, shareholders, members or any of their respective successors or assigns is an "insider" of the Debtors, as that term is defined under section 101(31) of the Bankruptcy Code. No common identity of directors, managers, controlling shareholders, or

members exists between the Debtors and the Successful Purchaser or the Debtors and the Back-Up Purchaser. All payments to be made by the Successful Purchaser, the Back-Up Purchase Agreement, and all agreements or arrangements entered into by the Successful Purchaser or the Back-Up Purchaser, as applicable, in connection with the Sale Transaction have been fully disclosed, and the negotiation and execution of the Successful Purchase Agreement, the Back-Up Purchase Agreement, and the other Transaction Documents were at arm's-length and in good faith.

X.   **No Fraudulent Transfer**. The consideration provided by the Successful Purchaser or the Back-Up Purchaser for the Transferred Assets pursuant to the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable: (a) is fair and reasonable; (b) is the highest and best offer or next-highest and next-best offer, as applicable, for the Transferred Assets; (c) will provide a greater recovery for the Debtors' creditors and estates than would be provided by any other available alternative; and (d) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, and each state, territory, possession, and the District of Columbia.

Y.   Neither the Successful Purchase Agreement nor the Back-Up Purchase Agreement was entered into, and neither the Sellers, the Successful Purchaser, nor the Back-Up Purchaser has entered into the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, or proposes to consummate the Sale Transaction, for the purpose of (a) escaping liability for any of the Debtors' debts, (b) hindering, delaying or defrauding the Debtors' present or future creditors, or (c) for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof or the District of Columbia or any other applicable jurisdiction with laws substantially similar to the foregoing.

Z.    **Free & Clear**. The transfer of the Transferred Assets to the Successful Purchaser or the Back-Up Purchaser will be a legal, valid, and effective transfer of the Transferred Assets, and will vest the Successful Purchaser or the Back-Up Purchaser with all rights, titles, and interests of the Debtors to the Transferred Assets free and clear of all Encumbrances and Liabilities, except the Permitted Encumbrances, including:

a.    all liens, whether consensual or statutory, replacement liens, adequate protection liens, or other liens granted under sections 361, 363, or 364 of the Bankruptcy Code, mortgages, deeds of trust, hypothecations, pledges, security interests, charges, options and transfer restrictions, including rights of first refusal or first offer, defect or objection liens, easements, encroachments, or servitudes, in each case, that constitutes an "interest" for purposes of section 363(f) of the Bankruptcy Code (collectively, the "Liens"),

b.    any and all "claims," as defined in section 101(5) of the Bankruptcy Code and jurisprudence interpreting the Bankruptcy Code, including

i.    any and all claims or causes of action based on or arising under any labor, employment or pension laws, labor or employment agreements, including any employee claims related to worker's compensation, occupational disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (A) ERISA (as defined below), (B) the Fair Labor Standards Act, (C) Title VII of the Civil Rights Act of 1964, (D) the Federal Rehabilitation Act of 1973, (E) the National Labor Relations Act, (F) the Age Discrimination and Employment Act of 1967 and Age Discrimination in Employment Act, as amended, (G) the Americans with Disabilities Act of 1990, (H) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code and of any similar state law, (I) state discrimination laws, (J) state unemployment compensation laws or any other similar state laws, (K) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (L) the WARN Act (29 U.S.C. §§ 2101 et seq.),

ii.    any rights under any pension or multiemployer plan (as such term is defined in Section 3(37) or Section 4001(a)(3) of the Employee Retirement Income Security Act of 1974 (as amended, "ERISA")), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including any pension plans of

the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability,

iii.   any and all claims or causes of action based upon or relating to any putative successor or transferee liability,

iv.   any and all claims or causes of action based upon or relating to any bulk sales or similar law,

v.   any and all claims or causes of action based upon or relating to any tax statutes or ordinances, including the Internal Revenue Code of 1986, as amended (the "IRC"), and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Transferred Assets prior to the Closing, including any *ad valorem* taxes assessed by any applicable taxing authority, and

vi.   any other rights or causes of action (whether in law or in equity), warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims or liabilities relating to any act or omission of the Debtors or any other person prior to the Closing, consent rights, options, contract rights, covenants and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of the above- captioned case, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Claims"); and

c.   any and all claims, causes of actions, payments, charges, judgments, assessments, losses, monetary damages, penalties, fines, fees, interest obligations, deficiencies, debts, obligations, costs and expenses and other liabilities (whether absolute, accrued, contingent, fixed or otherwise, or whether known or unknown, or due or to become due or otherwise), including any amounts paid in settlement, interest, court costs, costs of investigators, attorneys' fees, legal or other expenses incurred in connection therewith (collectively, the "Interests").

AA.    The Debtors, to the extent permitted by applicable law, may transfer the Transferred Assets free and clear of all Encumbrances and Liabilities, including, without limitation, rights or claims based on any successor or transferee liability, because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

BB.     Those (a) holders of Claims and (b) non-Debtor parties to the Transferred Contracts, in each case who did not object or who withdrew their objections to the Motion, are deemed to have consented to the Sale Transaction pursuant to section 363(f)(2) of the Bankruptcy Code.  Those (a) holders of Claims, and (b) non-Debtor parties to the Transferred Contracts, in each case who did object, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code.

CC.     The Debtors have, to the extent necessary, satisfied the requirements of section 363(b)(1) of the Bankruptcy Code.

DD.     **Successful Purchaser's Reliance on Free & Clear Sale**. The Successful Purchaser and the Back-Up Purchaser would not have entered into the Successful Purchase Agreement and the Back-Up Purchase Agreement, respectively, and would not consummate the transactions contemplated thereby, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts, (a) if the transfer of the Transferred Assets were not free and clear of all Encumbrances and Liabilities, or (b) if the Successful Purchaser or the Back-Up Purchaser would, or in the future could, be liable for or subject to any such Encumbrances or Liabilities.

EE.     The Successful Purchaser will not consummate the transactions contemplated by the Successful Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts, unless this Court expressly orders that none of the Successful Purchaser or the Transferred Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, or otherwise, directly or indirectly, any Encumbrances or Liabilities.

FF.     The Back-Up Purchaser will not consummate the transactions contemplated by the Back-Up Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts, unless this Court expressly orders that none of the Back-Up Purchaser, its respective affiliates, its respective present or contemplated members or shareholders, or the Transferred Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, or otherwise, directly or indirectly, any Encumbrances or Liabilities.

GG.     Not transferring the Transferred Assets free and clear of all Encumbrances and Liabilities would adversely impact the applicable Debtors' efforts to maximize the value of their estates, and the transfer of the Transferred Assets other than pursuant to a transfer that is free and clear of all Encumbrances and Liabilities would be of substantially less benefit to the applicable Debtors' estates.

HH.     **No Successor or Other Derivative Liability**. By virtue of the Sale Transaction, the Successful Purchaser is not a mere continuation of the Debtors or their estates, there is no continuity or common identity between the Successful Purchaser or the Debtors, and there is no continuity of enterprise between the Successful Purchaser or the Debtors.   The Successful Purchaser shall not be deemed to be holding themselves out as a continuation of the Debtors based on the Sale Transaction, the Successful Purchase Agreement, or this Order.   The Successful Purchaser is not a successor to the Debtors or their estates by reason of any theory of law or equity and none of the transactions contemplated by the Successful Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts amounts to a consolidation, merger, or de facto merger of the Successful Purchaser or

any of its affiliates with or into the Debtors as a result of any action taken in connection with the Sale Transaction.

II.     The Back-Up Purchaser is not a mere continuation of the Debtors or their estates, there is no continuity or common identity between the Back-Up Purchaser, the Debtors, or any of their respective affiliates, and there is no continuity of enterprise between the Back-Up Purchaser, the Debtors, or any of their respective affiliates.  The Back-Up Purchaser shall not be deemed to be holding themselves out as a continuation of the Debtors based on the Sale Transaction, the Back-Up Purchase Agreement, or this Order.  The Back-Up Purchaser is not a successor to the Debtors or their estates and none of the transactions contemplated by the Back-Up Purchase Agreement, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts amounts to a consolidation, merger, or de facto merger of the Back-Up Purchaser or any of its affiliates with or into the Debtors as a result of any action taken in connection with the Sale Transaction.

JJ.     To the greatest extent permitted by applicable law, without limiting the generality of the foregoing, and other than as may be set forth in the Purchase Agreements, none of the Successful Purchaser, the Back-Up Purchaser, their respective affiliates, the present or contemplated members or shareholders of the Successful Purchaser, the Back-Up Purchaser, and their respective affiliates, or the Transferred Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, or otherwise, directly or indirectly, any Claims relating to any U.S. federal, state or local income tax liabilities, that the Debtors may incur in connection with consummation of the transactions contemplated by the Purchase Agreements, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts, or that the Debtors have otherwise incurred prior to

19

the consummation of the transactions contemplated by the Purchase Agreements as a result of any action take in connection with the Sale Transaction.

KK.    **Validity of Transfer**. The consummation of the transactions contemplated by the Purchase Agreements, including, without limitation, the Sale Transaction and the assumption and assignment of the Transferred Contracts, is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) thereof, and all of the applicable requirements of such sections have been complied with in respect of the transactions contemplated under the Purchase Agreements. Upon entry of this Order, subject to the terms of the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, the applicable Debtors are authorized to transfer all of their right, title, and interest in and to the Transferred Assets free and clear of, and the Successful Purchaser or the Back-Up Purchaser, as applicable, shall not be responsible for, any Encumbrances or Liabilities (other than the Permitted Encumbrances), with such Encumbrances or Liabilities attaching solely to the proceeds of the sale of the Transferred Assets with the same nature, validity, priority, extent, perfection, and force and effect, and in the same order of priority, that such Encumbrances or Liabilities encumbered the Transferred Assets immediately prior to the Closing.

LL.    The Transferred Assets constitute property of the applicable Debtors' estates and good title to the Transferred Assets is vested in the applicable Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code. The applicable Debtors are the sole and lawful owners of the Transferred Assets.

MM.    The Purchase Agreements have been duly and validly executed and delivered by the Debtors and, subject to the terms of the Successful Purchase Agreement or the Back-Up

Purchase Agreement, as applicable, shall constitute valid and binding obligations of the Debtors, enforceable against the Debtors in accordance with its terms. The Purchase Agreements, the Sale Transaction, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 11 trustee appointed in these Chapter 11 Cases or any chapter 7 trustee appointed upon conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code and shall not be subject to rejection or avoidance by the foregoing parties or any other person.

NN.    **Transferred Contracts**. The assumption and assignment of the Transferred Contracts pursuant to the Cure Notice, the terms of this Order, and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, is integral to the transactions contemplated by the Purchase Agreements. Such assumption and assignment is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound and prudent business judgment.

OO.    Pursuant to sections 363 and 365 of the Bankruptcy Code, the applicable Debtors are authorized to assume all Transferred Contracts and sell and assign such Transferred Contracts to the Successful Purchaser or the Back-Up Purchaser, as applicable. To the extent a Cure Amount is owed to the counterparty of any Transferred Contract, the applicable Cure Amount will be paid on or before the Closing or as promptly as reasonably practicable in accordance with the Successful Purchase Agreement or the Back-Up Purchase Agreement, or as otherwise expressly agreed to between the Debtors and the Successful Purchaser or the Debtors and the Back-Up Purchaser, as applicable, and such counterparty. The Successful Purchaser and the Back-Up Purchaser have, in accordance with the Assumption and Assignment Procedures, provided adequate assurance of

future performance to any non-Debtor contract counterparty to the extent required by section 365 of the Bankruptcy Code.[9]

PP.    **Transfer of Transferred Contracts**. The Transferred Contracts being sold and assigned to the Successful Purchaser or the Back-Up Purchaser, as applicable, are an integral part of the Sale Transaction and, accordingly, their assumption, sale, and assignment is reasonable and an enhancement to the value of the Debtors' estates. To the extent any Transferred Contract is not an executory contract within the meaning of section 365 of the Bankruptcy Code, it shall be sold and transferred to the Successful Purchaser in accordance with the terms of the Successful Purchase Agreement or to the Back-Up Purchaser in accordance with the terms of the Back-Up Purchase Agreement, as applicable, and, other than with respect to Permitted Encumbrances, the Successful Purchaser or the Back-Up Purchaser, as applicable, shall have no liability or obligation for any: (a) defaults or breaches under such contract that relate to acts or omissions that occurred in the period, or otherwise arose, prior to the date of the Closing (the "Closing Date"); and (b) claims, counterclaims, offsets, or defenses (whether contractual or otherwise, including, to the extent permitted by applicable law, any right of recoupment) with respect to such Transferred Contract, that relate to any acts or omissions that arose or occurred prior to the Closing Date.

QQ.    **Binding & Valid Transfer**. The transfer of the Transferred Assets to the Successful Purchaser or to the Back-Up Purchaser, as applicable, will be a legal, valid, effective, and enforceable sale and transfer of the Transferred Assets and will vest the Successful Purchaser or the Back-Up Purchaser, as applicable, with all right, title, and interest of the Debtors to the Transferred Assets free and clear of all Encumbrances and Liabilities, other than the Permitted

---

[9] Pursuant to the Cure Notice dated January [●], 2025, counterparties to such executory contracts and/or unexpired leases shall have until [●], 2025, to file a Cure Objection (as defined in the Cure Notice). In the absence of such a Cure Objection, this Order shall be binding on such counterparties.

Encumbrances, to the extent expressly set forth in the Purchase Agreements and in this Order, as applicable.

RR.     **No *Sub Rosa* Plan**. The Bidding Process, the Sale Transaction, the Purchase Agreements, the Transaction Documents, and the other transactions contemplated thereby do not constitute a *sub rosa* chapter 11 plan. The Sale Transaction neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates a liquidating chapter 11 plan for the Debtors.

SS.     **Transferred Assets Assignable**. To the maximum extent possible under the Bankruptcy Code, each and every provision of the documents governing the Transferred Assets or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any of the Transferred Assets, if any, has been or will be satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.

TT.     **Compelling Circumstances for an Immediate Sale**. To maximize the value of the Transferred Assets, it is essential that the transactions contemplated by the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, occur within the time constraints set forth therein. Time is of the essence in consummating the transactions contemplated by the Purchase Agreements, including, without limitation, the Sale Transaction and the assumption, sale, and assignment of the Transferred Contracts. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

UU.     The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the transactions contemplated by the Successful Purchase Agreement or the Back-Up Purchase

Agreement, as applicable, including, without limitation, the Sale Transaction and the assumption, sale, and assignment of the Transferred Contracts prior to, and outside of, a chapter 11 plan because, among other things, the Debtors' estates will suffer irreparable harm if the relief provided herein is not granted on an expedited basis.

VV.    The legal and factual bases set forth in the Motion, the [●] Declaration, and any additional declarations filed in support thereof and presented at the Sale Hearing establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors, the Debtors' estates, their creditors, and all other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    **Sale Is Approved**. The Motion is GRANTED and the Sale Transaction is APPROVED, as set forth herein and on the record at the Sale Hearing, which is incorporated herein as if fully set forth in this Order.

2.    **Objections Overruled**. All objections to, or reservation of rights regarding, or other responses to the Motion or the relief requested therein, including, without limitation, the Purchase Agreements, the Transaction Documents, the Sale Transaction, the entry of this Order, or the relief granted herein, any objections to Cure Amounts or relating to the cure of any defaults under any of the Transferred Contracts or to the assumption, sale, and assignment of any of the Transferred Contracts to the Successful Purchaser or Back-Up Purchaser by the Debtors, that have not been withdrawn, waived, settled, or that have not otherwise been resolved pursuant to the terms hereof, are hereby denied and overruled on the merits with prejudice. All persons and entities that failed to timely object, or withdrew their objections, to the Motion or the entry of this Order are deemed to consent to the relief granted herein for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code. No appeal, motion to reconsider, or similar

pleading has been filed with respect to the Bidding Procedures Order, and the Bidding Procedures Order has not been vacated, withdrawn, rescinded, or amended, and remains in full force and effect.[10]

3.      **Notice**. Notice of the Motion, the hearing on the Bidding Procedures, the Bidding Procedures, the Assumption and Assignment Procedures, the Auction, the Purchase Agreements, the Sale Transaction, and the Sale Hearing, all deadlines related thereto, and the relief granted in this Order, was fair, sufficient, proper, adequate, appropriate, and equitable under the circumstances and complied in all respects with sections 102(1), 363, and 365 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Bidding Procedures Order, the Bidding Procedures, the Assumption and Assignment Procedures, and the procedural due process rules of the United States Constitution, and as such no further order or notice is or shall be required.

4.      **Approval & Authorization**. The sale of the Transferred Assets to the Successful Purchaser on the terms and conditions contained in the Successful Purchase Agreement and the Transaction Documents, or to the Back-Up Purchaser on the terms and conditions contained in the Back-Up Purchase Agreement and the Transaction Documents, as applicable, including, without limitation, the Closing as required by the Successful Purchase Agreement or the Back-Up Purchaser Agreement, is hereby approved in all respects pursuant to sections 105, 363, and 365 of the Bankruptcy Code. Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors and their respective officers, employees, and agents are authorized to perform all obligations under, comply with the terms of, and make all payments required by the Transaction Documents and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and

---

[10] Pursuant to the Cure Notice dated January [●], 2025, counterparties to such executory contracts and/or unexpired leases shall have until [●], 2025, to file a Cure Objection (as defined in the Cure Notice). In the absence of such a Cure Objection, this Order shall be binding on such counterparties.

consummate the Sale Transaction and the related transactions pursuant to, and in accordance with, the terms and conditions of this Order and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, without further order of this Court. The Debtors, the Successful Purchaser, the Back-Up Purchaser, and each of their respective officers, employees, and agents are hereby authorized to: (a) execute the Transaction Documents and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and any prior execution of such agreements, documents, and instruments, including the Transaction Documents, is hereby ratified; (b) perform all obligations under the Transaction Documents and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, to consummate each of the foregoing, including, without limitation, deeds, assignments, and other instruments of transfer, and to consummate the Sale Transaction, and any prior performance of such obligations or any prior consummation of such Sale Transaction is hereby ratified; (c) assume, sell, and assign the Transferred Contracts to the Successful Purchaser or the Back-Up Purchaser, as applicable; and (d) take all other and further actions as may be reasonably necessary or appropriate to consummate and implement the Sale Transaction and to perform all obligations under the Transaction Documents and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and the consummation thereof, without any further corporate action or order of this Court. Neither the Successful Purchaser nor the Back-Up Purchaser shall be obligated to proceed with the Closing unless and until all conditions precedent to its obligation to do so thereunder have been satisfied or waived.

5.      **No _Sub Rosa_ Plan**. The sale of the Transferred Assets, including, without limitation, the assignment of the Transferred Contracts, pursuant to the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, outside a chapter 11 plan, neither

impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a chapter 11 plan. Neither the Successful Purchase Agreement, the Back-Up Purchase Agreement, nor the Sale Transaction constitutes a sub rosa chapter 11 plan.

6.      **Back-Up Purchaser**. Notwithstanding anything to the contrary herein, including, without limitation, the approval of the Back-Up Bid according to the terms hereof, the Debtors shall not execute or enter into the Back-Up Purchase Agreement or any Transaction Documents with respect to the Back-Up Bid, and the Debtors shall not enter into the Sale Transaction with the Back-Up Purchaser in accordance with the terms of the Back-Up Bid except as provided for in the Successful Purchase Agreement, Back-Up Purchase Agreement, Transaction Documents, or an order by the Court, as applicable (as may be modified pursuant to and consistent with the terms of the Successful Purchase Agreement, the Back-Up Purchase Agreement, or the Transaction Documents, as applicable).

7.      **Insider**. Neither the Successful Purchaser nor the Back-Up Purchaser is an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

8.      **Valid Transfer**. Effective upon the Closing, the Debtors shall transfer to the Successful Purchaser or the Back-Up Purchaser, as applicable, the Transferred Assets, and the transfer of the Transferred Assets to the Successful Purchaser pursuant to the Successful Purchase Agreement or to the Back-Up Purchaser pursuant to the Back-Up Purchase Agreement constitutes a legal, valid, effective, and enforceable sale and transfer of the Transferred Assets to the Successful Purchaser or to the Back-Up Purchaser and shall vest the Successful Purchaser or Back-Up Purchaser, as applicable, with all legal, equitable, and beneficial right, title, and interest in and to the Transferred Assets, free and clear of all Encumbrances and Liabilities of any kind or nature whatsoever (other than Permitted Encumbrances) (with such Encumbrances and Liabilities

attaching solely to the proceeds of the sale of the Transferred Assets with the same nature, validity, priority, extent, perfection, and force and effect, and in the same order of priority, that such Encumbrances and Liabilities encumbered the Transferred Assets immediately prior to the Closing). The Purchase Agreements and the Transaction Documents are valid and binding contracts between the Sellers, the Successful Purchaser, and the Back-Up Purchaser, as applicable, and shall be enforceable pursuant to their terms. The Purchase Agreements, the Transaction Documents, the Sale Transaction itself, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtors, the Debtors' estates, their creditors, all counterparties to the Transferred Contracts, all parties in interest, any chapter 11 trustee appointed in these Chapter 11 Cases or any chapter 7 trustee appointed upon a conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, and shall not be subject to rejection or avoidance by the foregoing parties or any other person or entity. The consummation of the Sale Transaction is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f), and all of the applicable requirements of such sections have been complied with in all respects in connection with the Sale Transaction.

9.    **Debtors' Performance Authorized**. The Debtors are hereby authorized to enter into and perform their obligations under the Purchase Agreements , and to take such other actions as may be necessary or desirable to effectuate the terms of the Purchase Agreements, including providing transition services, if needed, and other instruments or documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Purchase Agreements, the Sale Transaction, or this Order including, without limitation, deeds, assignments, stock powers, transfers of membership interests, and any other instruments of transfer, without

further order of the Court. The Debtors are hereby further authorized to take all other actions as may reasonably be requested by the Successful Purchaser or otherwise for the purpose of assigning, transferring, granting, conveying, and conferring to the Successful Purchaser, or reducing to the Successful Purchaser's possession any or all of the Transferred Assets and the Transferred Contracts, as may be necessary or appropriate for the Debtors to perform their obligations under the Purchase Agreements and consummate the Sale Transaction including, without limitation, providing transition services, without further order of the Court.

10.    The Debtors are hereby authorized and empowered to cause to be executed and filed such statements, instruments, releases, and other documents with respect to the Transferred Assets that are necessary or appropriate to effectuate the Purchase Agreements, the Sale Transaction, or this Order including, as applicable, amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors may determine are necessary or appropriate.

11.    **Authorization to Sell and Assign**. Notwithstanding any provision of any contract governing the Transferred Assets, including any Transferred Contract to be assumed, sold, and assigned to the Successful Purchaser or to the Back-Up Purchaser, as applicable, as of the Closing pursuant to sections 363 and 365(f) of the Bankruptcy Code, or applicable non-bankruptcy law that prohibits, restricts, or conditions the assignment of the Transferred Assets, including any Transferred Contract, the Debtors are hereby authorized and directed to (a) sell and assign the Transferred Assets to the Successful Purchaser or to the Back-Up Purchaser, as applicable, and (b) assume, sell, and assign the Transferred Contracts to the Successful Purchaser or to the Back-

Up Purchaser, as applicable, as of the Closing, in each case, which assignments shall take place on and be effective as of the Closing or such other date after the Closing Date, in each case, as provided in the Successful Purchase Agreements or as otherwise provided by a separate order of this Court, as applicable.

a.     There shall be no accelerations, assignment fees, increases, or any other fees charged to the Successful Purchaser, the Back-Up Purchaser, or the Debtors as a result of the assignment of the Transferred Assets or the assumption, sale, and assignment of the Transferred Contracts.

b.     The Debtors have met all of the requirements of section 365(b) of the Bankruptcy Code for each of the Transferred Contracts that are to be assumed, sold, and assigned to the Successful Purchaser or to the Back-Up Purchaser as of the Closing.

c.     The Debtors' assumption, sale, and assignment of the Transferred Contracts is subject to the consummation of the Sale Transaction with the Successful Purchaser or with the Back-Up Purchaser. Any objection of any counterparty to the assumption, sale, and assignment of any Transferred Contracts, any Cure Amount, or seeking further adequate assurance of future performance than that provided in the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, to the extent not otherwise resolved by agreement or by separate order of this Court, is hereby overruled. Upon payment of the Cure Amount by the Successful Purchaser or by the Back-Up Purchaser, as applicable, the Debtors shall be released by the Successful Purchaser or the Back-Up Purchaser, as applicable, and the applicable counterparty from any and all claims and causes of action of any nature whatsoever based on, arising from or relating to, such Transferred Contracts.

d.     Unless a counterparty to any Transferred Contract filed a timely Cure Objection (as defined in the Bidding Procedures Order), the Cure Amounts set forth on the Cure Notice shall constitute findings of this Court and shall be final and binding on the counterparties to the Transferred Contracts and their successors and designees upon the Closing and shall not be subject to further dispute or audit based on performance prior to the time of assumption and assignment, irrespective of the terms and conditions of such Transferred Contracts. Each counterparty to a Transferred Contract (other than a counterparty who filed a timely Cure Objection) shall be forever barred, estopped, and permanently enjoined from asserting against the Successful Purchaser or the Back-Up Purchaser, as applicable, or their property (including, without limitation, the Transferred Assets), any default arising prior to or existing as of the Closing, or any counterclaim, defense, recoupment, setoff, or any other interest asserted or assertable against the

Debtors (except as otherwise provided herein). To the extent a counterparty to any of the Transferred Contracts received notice of the Debtors' proposed Cure Amount and fails to file a Cure Objection by the applicable deadline, such party shall be deemed to have (i) consented to the assumption and assignment of the applicable Transferred Contract and the payment of the Cure Amount provided in the Cure Notice, and (ii) waived any right to assert or collect any other cure amount or enforce any default that may arise or have arisen prior to or as of the Closing.

12.     **Transferred Contracts**. As of the Closing, subject to the provisions of this Order and in accordance with the Purchase Agreements, the Successful Purchaser or the Back-Up Purchaser, as applicable, shall succeed to the entirety of the applicable Debtors' rights and obligations in the Transferred Contracts to be assumed, sold, and assigned to the Successful Purchaser or the Back-Up Purchaser, in accordance with the Successful Bid or the Back-Up Bid, as applicable, and shall have all rights thereunder subject to the terms of the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable.

     a.     Upon Closing and payment of the Cure Amounts on Closing or as soon as reasonably practicable thereafter, (i) all defaults (monetary and non-monetary) under the Transferred Contracts shall be deemed cured and satisfied in full through the payment of the Cure Amounts, (ii) no other amounts will be owed by the Debtors, their estates, the Successful Purchaser, and/or the Back-Up Purchaser with respect to the Transferred Contracts, and (iii) any and all persons or entities shall be forever barred and estopped from asserting a Claim against the Debtors, their estates, the Successful Purchaser or the Back-Up Purchaser, as applicable, or the Transferred Assets that any additional amounts are due or defaults exist under the Transferred Contracts. The Successful Purchaser's or the Back-Up Purchaser's promise pursuant to the terms of the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, to pay the Cure Amounts and the Successful Purchaser's or the Back-Up Purchaser's promise to perform the Debtors' obligations under the Transferred Contracts for the period on or after the Closing Date shall constitute adequate assurance of the Successful Purchaser's or the Back-Up Purchaser's future performance under the Transferred Contracts being assigned to it as of the Closing within the meaning of sections 365(b)(l)(C) and 365 (f)(2)(A)–(B) of the Bankruptcy Code.

     b.     Upon assumption of the Transferred Contracts to be assumed by the applicable Debtors and sold and assigned to the Successful Purchaser or to the Back-Up Purchaser, as applicable, as of the Closing, such Transferred

Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order, and shall be assigned and transferred to the Successful Purchaser or to the Back-Up Purchaser, as applicable, notwithstanding any provision in such Transferred Contract or other restrictions prohibiting assignment or transfer. To the extent any Transferred Contract is assumed and assigned to the Successful Purchaser or to the Back-Up Purchaser under this Order, such assumption and assignment will not take effect until the Closing. Furthermore, other than the Transferred Contracts, no other contract shall be deemed assumed by the Debtors and sold and assigned to the Successful Purchaser or to the Back-Up Purchaser pursuant to sections 363 and 365 of the Bankruptcy Code. The failure of the Debtors or the Successful Purchaser or Back-Up Purchaser, as applicable, to enforce at any time one or more terms or conditions of any Transferred Contract shall not be a waiver of such terms or conditions, or of the Debtors' and the Successful Purchaser's or the Back-Up Purchaser's, as applicable, rights to enforce every term and condition of such Transferred Contract.

13.     Notwithstanding the foregoing, the Debtors may, at the Successful Purchaser's or Back-Up Purchaser's, as applicable, direction, amend the list of Transferred Contracts to add or remove any Potentially Assigned Agreement to or from such list prior to Closing of the Sale Transaction in accordance with the terms of the Successful Purchase Agreement or the Back-Up Purchase Agreement and the Assumption and Assignment Procedures.

14.     **Free & Clear**. Upon the Closing, pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Transferred Assets, including the Transferred Contracts, shall be transferred to the Successful Purchaser or to the Back-Up Purchaser in accordance with the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and such transfer shall be free and clear of all Encumbrances and Liabilities (other than Permitted Encumbrances), in each case, to the maximum extent permitted by section 363(f) of the Bankruptcy Code, whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and

32760151.1

whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the Petition Date, or occurring or arising prior to the Closing. Any and all such Encumbrances and Liabilities (other than Permitted Encumbrances) shall attach solely to the proceeds of the Sale Transaction and the Transferred Assets or their proceeds against or in which the holder of an Encumbrance held such Encumbrance, with the same validity, force, and effect, and in the same order of priority, that such Encumbrances or Liabilities had against such Transferred Assets immediately prior to the Closing.

15.    Except as expressly provided for in the Purchase Agreements  or this Order, as applicable, all holders of Encumbrances and Liabilities fall within one or more of the subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Encumbrances or Liabilities attach solely to the proceeds of the Sale Transaction and the Transferred Assets or their proceeds against or in which the holder of an Encumbrance or Liability held a Lien, Claim, or Interest, with the same validity, force, and effect, and in the same order of priority that such Encumbrances or Liabilities had against the Transferred Assets immediately prior to the Closing, subject (as otherwise provided herein) to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto; *provided, however*, that setoff rights will be extinguished to the extent there is no longer mutuality of the parties after consummation of the Sale Transaction.

16.    Those holders of Encumbrances or Liabilities who did not object (or who ultimately withdrew their objections, if any) to the Sale Transaction are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances or Liabilities who did object that have an interest in the Transferred Assets fall within one or more of sections 363(f)(1), 363(f)(3), 363(f)(4), or 363(f)(5) of the Bankruptcy Code and are therefore

adequately protected by having their Encumbrances or Liabilities in the Transferred Assets, if any, attach solely to the proceeds of the Sale Transaction and the Transferred Assets and the proceeds thereof against or in which the holder of an Encumbrance held an Encumbrance or that such Liability existed, with the same validity, force, and effect, and in the same order of priority, that such Encumbrances or Liabilities had immediately prior to the Closing, subject (except as otherwise provided herein) to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

17.    **Release of Interests**. Effective upon the Closing, this Order: (a) is and shall be effective as a determination that all Encumbrances and Liabilities of any kind or nature whatsoever (other than Permitted Encumbrances) existing as to the Transferred Assets prior to the Closing have been unconditionally released, discharged, and terminated (with such Encumbrances or Liabilities attaching solely to the proceeds of the Sale Transaction and the Transferred Assets or the proceeds thereof with the same nature, validity, priority, extent, perfection, and force and effect that such Encumbrances or Liabilities encumbered the Transferred Assets immediately prior to the Closing) and that the conveyances described herein have been effectuated; (b) is and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Transferred Assets conveyed to the Successful Purchaser or to the Back-Up Purchaser, as applicable; and (c) is and shall be effective as a determination that all recorded Encumbrances

and Liabilities (other than Permitted Encumbrances) against the Transferred Assets shall be deemed stricken from such entities' records, official and otherwise.

18. **Direction to Release Interests**. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing a Lien, Claim, Interest, or other Encumbrance in all or any portion of the Transferred Assets being sold pursuant to the Sale Transaction and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, shall not have delivered to the Sellers prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Encumbrances and Liabilities (other than the Permitted Encumbrances), which such person or entity has with respect to all or any portion of the Transferred Assets being sold pursuant to the Sale Transaction and the Successful Purchase Agreement or the Back-Up Purchase Agreement, then (a) the Debtors and the Successful Purchaser or the Back-Up Purchaser, as applicable, are each (except as otherwise provided herein) hereby authorized to execute and file such statements, instruments, releases, and/or other similar documents on behalf of such person or entity with respect to all or any portion of the Transferred Assets being sold pursuant to the Sale Transaction and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, and (b) the Successful Purchaser or the Back-Up Purchaser, as applicable, is hereby authorized to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Encumbrances and Liabilities (other than Permitted Encumbrances) of any kind or nature whatsoever in the Transferred Assets being sold pursuant to the Sale Transaction and the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and

instruments necessary and appropriate to consummate the transactions contemplated by the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable, including, without limitation, recordation of this Order.

19.     **Surrender of Transferred Assets**. Except as otherwise provided herein, all persons or entities that are currently, or as of the Closing may be, in possession of some or all of the Transferred Assets are hereby directed to surrender possession of such Transferred Assets to the Successful Purchaser or to the Back-Up Purchaser, as applicable, at the Closing.

20.     **No Interference**. Following the Closing, any holder of any Lien, Claim, Interest, or other Encumbrance in the Transferred Assets will forever be prohibited and barred from taking any action that would interfere with the Successful Purchaser's or the Back-Up Purchaser's title to, or use and enjoyment of, the Transferred Assets being sold pursuant to the Sale Transaction and the Successful Purchase Agreement or the Back-Up Purchase Agreement, respectively, based on, or related to, any such Lien, Claim, Interest, or other Encumbrance, or based on any actions the Debtors may take in these Chapter 11 Cases.

21.     **Post-Closing Actions & Transactions**. The Debtors and the Successful Purchaser or the Debtors and the Back-Up Purchaser, as applicable, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the applicable Debtors, the Successful Purchaser, or the Back-Up Purchaser, as applicable, reasonably and in good faith deem necessary or appropriate to implement and effectuate the terms of the Purchase Agreements, the Transaction Documents, the Sale Transaction contemplated therein, and this Order, as applicable.

22.     **Sale Is Self-Executing**. The Sale Transaction and the provisions of this Order authorizing and approving the transfer of the Transferred Assets free and clear of all Encumbrances

and Liabilities are self-executing, and neither the Debtors, the Successful Purchaser, nor the Back-Up Purchaser, as applicable, shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

23.    **Governmental Authorization to Effectuate Sale**. Each and every federal, state, and local governmental agency, quasi-agency, or department is hereby directed and authorized to accept any and all documents and instruments in connection with or necessary and appropriate to consummate the Sale Transaction contemplated under the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable. To the greatest extent permitted under applicable law upon the Closing, the Successful Purchaser or the Back-Up Purchaser, as applicable, shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Transferred Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Successful Purchaser or to the Back-Up Purchaser, as applicable, as of the Closing. All existing licenses, permits, registrations, governmental authorizations or approvals applicable to the business or the Transferred Assets shall remain active, in place, and, as applicable, shall be renewed for the Successful Purchaser's or the Back-Up Purchaser's, as applicable, benefit until either corresponding new licenses, permits, registrations, governmental authorizations, and approvals are obtained or existing licenses, permits, registrations, governmental authorizations, and approvals are transferred in accordance with applicable administrative procedures. The Debtors are authorized, to the extent requested by the Successful Purchaser or the Back-Up Purchaser, as applicable, to assist the Successful Purchaser or the Back-Up Purchaser, as applicable, in applying

for and securing all such issuances or renewals of licenses, permits, registrations, governmental authorizations, and approvals. To the maximum extent permitted by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Transferred Assets sold, transferred, or conveyed to the Successful Purchaser or to the Back-Up Purchaser on account of the filing or pendency of these Chapter 11 Cases or the consummation of the transactions contemplated by the Successful Purchase Agreement or by the Back-Up Purchase Agreement, respectively.

24.     **Injunction**. All persons (including, but not limited to, the Debtors, creditors, all holders of Encumbrances or Liabilities, lenders, debt security holders, investors, current and former employees and shareholders, parties to executory contracts and unexpired leases, contract counterparties, customers, landlords, licensors, litigation claimants, pension plans, labor unions, administrative agencies, governmental units (including tax and regulatory authorities), secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and any other persons holding interests of any kind or nature whatsoever against or in the Debtors or the Transferred Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11 Cases, whether imposed by agreement, understanding, law, equity, or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtors, the operation of the Debtors' businesses prior to the Closing, the Transferred Assets, or the transfer of the Transferred Assets to the Successful Purchaser or to the Back-Up Purchaser, as applicable (including, without limitation, any rights or claims based on any successor, transferee, derivative, or vicarious liabilities), and the successors and assigns of each of the foregoing shall be, and hereby

are, forever barred, estopped, and permanently enjoined from: (a) taking any action that would adversely affect or interfere with, or that would be inconsistent with, the ability of the Debtors to sell and transfer the Transferred Assets to the Successful Purchaser in accordance with the terms of the Successful Purchase Agreement or to the Back-Up Purchaser in accordance with the terms of the Back-Up Purchase Agreement, the Transaction Documents, or this Order; and (b) asserting, prosecuting, or otherwise pursuing any Encumbrances or Liabilities (other than Permitted Encumbrances) of any kind or nature whatsoever against the Successful Purchaser or the Back-Up Purchaser, as applicable, or any of their affiliates, officers, directors, members, partners, principals, or shareholders, any of their respective representatives, successors, designees, or assigns, or any of their respective property, successors and assigns, or the Transferred Assets, on any other grounds. Following the Closing, no holder of any Encumbrances or Liabilities shall interfere with, as applicable, the Successful Purchaser's or the Back-Up Purchaser's title to or use and enjoyment of the Debtors' former interests in the Transferred Assets, including, without limitation, taking any of the following actions with respect to or based on any interest relating to the Transferred Assets or the transfer of the Transferred Assets to the Successful Purchaser (other than the Permitted Encumbrances) or to the Back-Up Purchaser (other than the Permitted Encumbrances): (a) commencing or continuing in any manner any action or other proceeding against the Successful Purchaser or the Back-Up Purchaser, as applicable, or their successors or assigns, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Successful Purchaser or the Back-Up Purchaser, as applicable, or their successor, or assigns, assets, or properties; (c) creating, perfecting, or enforcing any interest against the Successful Purchaser or the Back-Up Purchaser, as applicable, or their successors or assigns, assets (including the Transferred Assets), or properties; (d) asserting any Lien, Claim,

Interest, or Encumbrance as a setoff, right of subrogation, or recoupment of any kind against any obligation due to the Successful Purchaser or the Back-Up Purchaser, as applicable, or their successors or assigns, assets, or properties; (e) commencing or continuing any action in any manner or place that does not comply or is inconsistent with the provisions of this Order or the agreements or actions contemplated or taken in respect thereof; (f) interfering with, preventing, restricting, prohibiting, or otherwise enjoining the consummation of the Sale Transaction; or (g) enforcing any provision of any Transferred Contract that prohibits, restricts or conditions, or which purports to terminate or modify, or permits a party other than the Debtors to terminate or modify, any such Transferred Contract, or any right or obligation under such Transferred Contract, because of (i) the assumption and assignment of such Transferred Contract by the Debtors to the Successful Purchaser or the Back-Up Purchaser, as applicable, or (ii) the commencement of these Chapter 11 Cases or the insolvency or financial condition of the Debtors.

25.    For the avoidance of doubt, and without limiting the generality of the foregoing or the operability of any other relief obtained pursuant to this Order, any provision in a Transferred Contract (including, without limitation, any "change of control" provision), any other document, or any applicable law that prohibits, restricts, or otherwise impairs assignment of the Transferred Contracts or, as applicable, the Successful Purchaser's or the Back-Up Purchaser's ability to operate any business with respect to the Transferred Assets, including, without limitation, based on the commencement of these Chapter 11 Cases or the insolvency or financial condition of the Debtors, is hereby void and of no force and effect with respect to the Sale Transaction, including, without limitation, any provision that: (a) terminates, modifies, or constitutes a breach of any right or obligation of the Successful Purchaser or the Back-Up Purchaser, as applicable, under such Transferred Contract; (b) cross-defaults to or from any other lease or executory contract that is not

a Transferred Contract; (c) contains operating covenants or "go-dark" provisions that would purport to terminate or modify any Transferred Contract before assumption and assignment to the Successful Purchaser or to the Back-Up Purchaser, as applicable; or (d) requires a third party's consent prior to assignment of the Transferred Contract to the Successful Purchaser or to the Back-Up Purchaser, as applicable. After the Closing, no person shall assert, and the Transferred Assets and the Successful Purchaser or the Back-Up Purchaser, as applicable, shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, to the extent permitted by applicable law, any right of recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of the Successful Purchaser or the Back-Up Purchaser, as applicable, with respect to any Transferred Assets, with respect to any act or omission that occurred prior to the Closing, or with respect to any other agreement or any obligation of the Debtors that is not an Assumed Liability under the Successful Purchase Agreement or the Back-Up Purchase Agreement, as applicable.

26.    **General Assignment**. Upon the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Transferred Assets and/or a bill of sale or assignment transferring good and marketable and indefeasible title and interest in the Transferred Assets, including the Transferred Contracts, to the Successful Purchaser or to the Back-Up Purchaser, as applicable, at Closing, pursuant to the terms of the Successful Purchase Agreement or of the Back-Up Purchase Agreement, as applicable, free and clear of all Encumbrances and Liabilities (other than Permitted Encumbrances). Each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and

32760151.1

appropriate to consummate the Sale Transaction and to reflect the effectiveness of the Sale Transaction.

27.    **No Successor Liability**. None of the Successful Purchaser or the Back-Up Purchaser, as applicable, their affiliates, and any of their respective officers, directors, members, partners, principals, employees, independent contractors, and shareholders (or equivalent), and any of their respective representatives, agents, predecessors, successors, or assigns shall have any liability for any Lien, Claim, Interest, or other Encumbrance (other than the Permitted Encumbrances) that arose or occurred prior to the Closing, or otherwise may be asserted against the Debtors or is related to the Transferred Assets prior to the Closing. None of the Successful Purchaser or the Back-Up Purchaser, as applicable, any of their affiliates, and any of their respective officers, directors, members, partners, principals, employees, independent contractors, and shareholders (or equivalent), and any of their respective representatives, attorneys, advisors, agents, predecessors, successors, or assigns are or shall be deemed, as a result of the consummation of the Sale Transaction, to: (a) be legal successors to the Debtors or their estates by reason of any theory of law or equity; (b) have, de facto or otherwise, merged with or into the Debtors; (c) be a successor employer as defined in the IRC or by the U.S. National Labor Relations Board or under applicable law; or (d) be an alter ego or a mere continuation or substantial continuation or successor of the Debtors in any respect. Neither the Successful Purchaser, the Back-Up Purchaser, nor any of their affiliates, as applicable, shall assume or in any way be responsible for any liability or obligation of any of the Debtors or their estates, other than the Permitted Encumbrances, to the extent provided in the Successful Purchase Agreement or in the Back-Up Purchaser Agreement, as applicable.

28.     **Limitations on Liability**. Without limiting the foregoing, and except as otherwise set forth in the Successful Purchase Agreement, the Successful Purchaser and its affiliates shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character, including under any theory of successor or transferee liability, de facto merger or continuity, tort, product liability, environmental, warranty, tax, antitrust, labor law, employment, ERISA, or other law, rule, or regulation, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated, with respect to the Debtors or any obligations of the Debtors.

29.     Without limiting the foregoing, and except as otherwise set forth in the Back-Up Purchase Agreement, the Back-Up Purchaser and its affiliates shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character, including under any theory of successor or transferee liability, de facto merger or continuity, tort, product liability, environmental, warranty, tax, antitrust, labor law, employment, ERISA, or other law, rule, or regulation, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated, with respect to the Debtors or any obligations of the Debtors.

30.     Absent the express written consent of the Successful Purchaser or the Back-Up Purchaser, as applicable, the Debtors shall not settle or otherwise resolve any existing or future litigation with any third party or any governmental entity other than any settlement pursuant to which no restrictions are placed on or affecting the Transferred Assets or the operation of the business from and after the Closing Date or otherwise directly or indirectly affect the operations of, or impose successor or any other theory of liability upon, the Successful Purchaser or the Back-Up Purchaser.

31.    **Fair Consideration**. The consideration provided by the Successful Purchaser for the Transferred Assets under the Successful Purchase Agreement and by the Back-Up Purchaser for the Transferred Assets under the Back-Up Purchase Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transactions Act, and any other applicable laws of the United States, any state, territory, possession, or the District of Columbia. The Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code or any other applicable law. The Purchase Agreements were not entered into, and the Sale Transaction is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. Neither the Sellers nor the Successful Purchaser have entered into the Successful Purchase Agreement, any Transaction Document, or any agreement contemplated thereby or are consummating the Sale Transaction with any fraudulent or otherwise improper purpose, including, without limitation, to evade any pension liabilities. Neither the Sellers nor the Back-Up Purchaser have entered into the Back-Up Purchase Agreement, any Transaction Document, or any agreement contemplated thereby or are consummating the Sale Transaction with any fraudulent or otherwise improper purpose, including, without limitation, to evade any pension liabilities.

32.    No other person or entity or group of persons or entities has offered to purchase the Transferred Assets for an amount or pursuant to terms that would provide greater value to the Debtors and their estates than the value provided by the Successful Purchaser. This Court's

approval of the Motion and the Purchase Agreements are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

33.    **Good Faith of the Successful Purchaser and the Back-Up Purchaser**. The transactions contemplated by the Successful Purchase Agreement are undertaken by the Successful Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the transactions shall not affect the validity of the Sale Transaction, including, without limitation, the assumption and assignment by the Debtors of any Transferred Contract, unless the authorization or the Sale Transaction contemplated by the Successful Purchase Agreement are stayed. The Successful Purchaser is a good faith purchaser of the Transferred Assets within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the rights, privileges, immunities, and protections afforded by section 363(m) of the Bankruptcy Code. Additionally, as a good faith buyer of the Transferred Assets, the Successful Purchaser has not entered into any agreement with any other potential bidders and has not colluded with any potential or actual bidders, and the Sale Transaction may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

34.    The transactions contemplated by the Back-Up Purchase Agreement are undertaken by the Back-Up Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the transactions shall not affect the validity of the Sale Transaction, including, without limitation, the assumption, sale, and assignment by the Debtors of any Transferred Contract, unless the authorization or the Sale Transaction contemplated by the Back-Up Purchase Agreement are stayed. The Back-Up

Purchaser is a good faith purchaser of the Transferred Assets within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the rights, privileges, immunities, and protections afforded by section 363(m) of the Bankruptcy Code. Additionally, as a good faith buyer of the Transferred Assets, the Back-Up Purchaser has not entered into any agreement with any other potential bidders and has not colluded with any potential or actual bidders, and the Sale Transaction may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

35.    **No Avoidance of the Purchase Agreements**. Neither the Debtors, the Successful Purchaser, nor the Back-Up Purchaser have engaged in any conduct that would cause or permit the Purchase Agreements to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. Accordingly, the Successful Purchase Agreement, the Back-Up Purchase Agreement, and the Sale Transaction shall not be avoidable under section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Successful Purchase Agreement, the Back-Up Purchase Agreement, or the Sale Transaction.

36.    [**Books and Records**. Notwithstanding anything to the contrary herein or in the Successful Purchase Agreement, from and after the Closing Date through and including the seventh anniversary of the Closing Date, the Sellers (and their successors and permitted assigns) shall have the right to retain copies of all Books and Records (as defined in the Successful Purchase Agreement) of the Sellers and the Transferred Subsidiaries (as defined in the Successful Purchase Agreement), including copies of any the Sellers' server(s) and any Books and Records to be transferred to the Successful Purchaser, for the sole purpose of allowing the Trustee to perform the duties necessary for the liquidation of the Debtors' estates or to pursue any claims or other Actions (as defined in the Successful Purchase Agreement) retained by the Sellers.  For the avoidance of

any doubt, the Debtors or their successors or assigns shall not be entitled to any information from the Successful Purchaser except as required under applicable law.[11]]

37.    **Sale Transaction-Specific Provisions**. Notwithstanding anything to the contrary in the Successful Purchase Agreement, the Back-Up Purchase Agreement, the Transaction Documents, or any provision of this Order, the following provisions shall also apply to the Sale Transaction.

a.    Upon the Closing Date, the Successful Purchaser or the Back-Up Purchaser, as applicable, shall be required to pay $850,000 (the "Agreed Surcharge") from the total Purchase Price (as defined in the Purchase Agreements) directly to the Debtors.

b.    If and only if the Successful Purchaser does not close upon the Sale Transaction in accordance with the Successful Purchase Agreement and the Debtors are entitled to keep the Successful Purchaser's Good Faith Deposit in accordance with the terms of Bidding Procedures Order, City National Bank ("CNB") shall be paid $500,000 from the Successful Purchaser's Good Faith Deposit upon the Back-Up Purchaser's closing of the Sale Transaction.

c.    If and only if neither the Successful Purchaser nor the Back-Up Purchaser close upon the Sale Transaction and the Debtors are entitled to keep the Successful Purchaser's Good Faith Deposit and/or the Back-Up Purchaser's Good Faith Deposit, CNB shall be paid $500,000 from the Successful Purchaser's Good Faith Deposit (if so retained by the Debtors) plus $500,000 from the Back-Up Purchaser's Good Faith Deposit (if so retained by the Debtors); provided, however, that CNB shall retain all rights and remedies with respect to the CNB Prepetition Collateral.[12]

d.    CNB is deemed to have standing to pursue the Debtors' estates rights to keep any Good Faith Deposit(s) in order to enforce CNB's rights to CNB's portions thereof.

e.    For the avoidance of doubt, upon the Closing of the Sale Transaction by the Successful Purchaser or the Back-Up Purchaser, the Debtors are not required to pay amounts to CNB in addition to any sale proceeds or retained deposits as set forth above.

---

[11] Subject to further discussions.

[12] "CNB Prepetition Collateral" is defined in the DIP Order.

f.    Proceeds from the Sale Transaction payable to CNB (the "CNB Proceeds") shall equal the actual gross sale proceeds from the Sale Transaction (i) minus the Agreed Surcharge, (ii) plus any Good Faith Deposits CNB is entitled to receive as set forth herein.

g.    The Successful Purchaser or the Back-Up Purchaser, as applicable, shall pay the CNB Proceeds directly to CNB upon the Closing of the Sale Transaction.

h.    The Debtors and the Committee, on behalf of the Debtors' estates, shall be deemed to have waived all rights, benefits, or causes of action under section 506(c) of the Bankruptcy Code as they may relate to or be asserted against CNB, the CNB Prepetition Collateral, or the proceeds thereof.

i.    The Debtors and the Committee, on behalf of the Debtors' estates, shall be deemed to have waived any rights to assert a Challenge[13] under the DIP Order with respect to CNB, its Liens, and its Claims, and the CNB Prepetition Collateral.

j.    Upon the Closing of the Sale Transaction and CNB's receipt of the CNB Proceeds and the amount of the Good Faith Deposit(s) payable to CNB, (i) CNB's Liens on the Transferred Assets shall be deemed released, (ii) CNB shall be deemed to have waived its deficiency claim on account of the Prepetition CNB Facility, and (iii) neither OYA Renewables Yield-1 LLC nor OYA-GPC 2021 HoldCo LLC shall have any further obligations or liability of any kind in respect of the Prepetition CNB Facility.

38.   **Binding Effect**. This Order, the Purchase Agreements, the Transaction Documents, and the Bidding Procedures Order shall be binding in all respects upon all persons and entities, including, without limitation: (a) all known and unknown creditors of, and holders of equity security interest in, the Debtors, including any holders of Encumbrances or Liabilities and non-Debtor parties to the Transferred Contracts; (b) the Successful Purchaser; (c) the Back-Up Purchaser; (d) the Debtors, their respective affiliates and subsidiaries, and their estates (and such parties' respective successors and assigns); (e) the Transferred Assets; (f) the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases; (g) any trustee(s) or other fiduciaries appointed in the Debtors' Chapter 11 Cases or upon a conversion to cases under chapter 7 of the

---

[13] "Challenge" is defined in the DIP Order.

Bankruptcy Code; and (h) all successors and assigns of each of the foregoing. The Successful Purchase Agreement, the Back-Up Purchase Agreement, this Order, and the Sellers' obligations therein and herein shall not be altered, impaired, amended, rejected, discharged, or otherwise affected by any chapter 11 plan proposed or confirmed in these Chapter 11 Cases, without the prior written consent of the Successful Purchaser or the Back-Up Purchaser, as applicable. This Order shall survive any dismissal or conversion of any of these Chapter 11 Cases or any dismissal of any subsequent chapter 7 cases with respect to the Debtors.

39.     **No Material Adverse Modifications**. The Purchase Agreements and the Transaction Documents may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, in a writing signed by such parties, without further order of this Court. Any material modification, amendment, or supplement to the Purchase Agreements and the Transaction Documents adversely affecting the Debtors' estates must be approved by order of this Court on notice to all interested parties. In addition, no purchase price modifications or adjustments may be made to either of the Purchase Agreements without the prior written consent of CNB, which may be granted or withheld in CNB's sole discretion.

40.     **Subsequent Orders & Plan Provisions**. Nothing contained in any chapter 11 plan confirmed in the Chapter 11 Cases or any subsequent order of this Court, including, without limitation, any order confirming any such chapter 11 plan, any order authorizing the sale of assets of the Debtors pursuant to any section of the Bankruptcy Code, and any order approving wind-down or dismissal of any Chapter 11 Case or any subsequent chapter 7 case shall change, supersede, abrogate, nullify, restrict, or conflict with the provisions of the Successful Purchase Agreement or of the Back-Up Purchase Agreement, as applicable, the Transaction Documents, or

this Order, or in any way prevent or interfere with the consummation or performance of the Sale Transaction.

41.     **Failure to Specify Provisions**. The failure to specifically include any particular provision of the Successful Purchase Agreement, the Back-Up Purchase Agreement, or the Transaction Documents relating to the Sale Transaction in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Successful Purchase Agreement, the Back-Up Purchase Agreement, the Transaction Documents, and all other documents related to the Sale Transaction, as applicable, be authorized and approved in their entirety pursuant to this Order.

42.     **Automatic Stay**. The Successful Purchaser and the Back-Up Purchaser, as applicable, shall not be required to seek or obtain relief from the stay under section 362 of the Bankruptcy Code to enforce any of their respective remedies under the Purchase Agreements or related documents. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely to the extent necessary (a) to implement the provisions of this Order, (b) to allow the Successful Purchaser or the Back-Up Purchaser, as applicable, to take any and all actions permitted under this Order, the Successful Purchase Agreement, the Back-Up Purchase Agreement, and the Transaction Documents, as applicable, and (c) to allow the Successful Purchaser or the Back-Up Purchaser, as applicable, to deliver any notice provided for in the Successful Purchase Agreement, the Back-Up Purchase Agreement, or the Transaction Documents, as applicable. This Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

43.     **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be

effective immediately upon entry, and the applicable Debtors and the Successful Purchaser or the applicable Debtors and the Back-Up Purchaser, as applicable, are authorized to close the Sale Transaction immediately upon entry of this Order. Time is of the essence in closing the Sale Transaction referenced herein, and the applicable Debtors and the Successful Purchaser or the applicable Debtors and the Back-Up Purchaser, as applicable, intend to close the Sale Transaction as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

44.    **Provisions Non-Severable & Mutually Dependent**. The provisions of this Order are non-severable and mutually dependent.

45.    **Retention of Jurisdiction**. This Court retains exclusive jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, on and after Closing of the Sale Transaction, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Bidding Procedures Order, the Purchase Agreements, and the Transaction Documents, all amendments thereto, and any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Transferred Assets to the Successful Purchaser or to the Back-Up Purchaser, as applicable; (b) resolve any disputes arising under or related to this Order, the Successful Purchase Agreement, the Back-Up Purchase Agreement, or the Transaction Documents; (c) protect the Successful Purchaser, any of the Successful Purchaser's affiliates, or any agent of the foregoing, against any Encumbrances or Liabilities (other than the Permitted Encumbrances) against the Debtors or the Transferred Assets of any kind or nature whatsoever; (d) protect the Back-Up Purchaser, any of the Back-Up Purchaser's affiliates, or any agent of the

foregoing, against any Encumbrances or Liabilities (other than the Permitted Encumbrances) against the Debtors or the Transferred Assets of any kind or nature whatsoever; and (e) enter any order under sections 363 and 365 of the Bankruptcy Code. In the event this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter referenced in this paragraph or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

46.    **No Bulk Law Application**. No bulk sales law or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Sale Transaction, the Purchase Agreements, the Transaction Documents, the Motion, and this Order.

47.    **Inconsistencies**. To the extent this Order is inconsistent with any prior filing with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern and any prior filings shall be deemed amended or otherwise modified to the extent required to permit consummation of the Sale Transaction. To the extent there is any inconsistency between the terms of this Order and the terms of the Successful Purchase Agreement (including all ancillary documents executed in connection therewith) or the terms of the Back-Up Purchase Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern. Notwithstanding the foregoing, nothing in this Order shall modify or waive any Closing conditions or termination rights in the Successful Purchase Agreement or in the Back-Up Purchase Agreement, as applicable, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

48.    **Headings**. Headings utilized in this Order are for convenience of reference only and do not constitute part of this Order for any other purpose.

49.    **Time Periods**. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## Exhibit 1

**Successful Purchase Agreement**

*[To be filed]*

**<u>Exhibit 2</u>**

**Back-Up Purchase Agreement**

*[To be filed]*

32760151.1

**<u>Exhibit 3</u>**

**List of Transferred Contracts Identified by the Successful Purchaser**

*[To be filed]*

**<u>Exhibit 4</u>**

**List of Transferred Contracts Identified by the Back-Up Purchaser**

*[To be filed]*