IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OYA RENEWABLES DEVELOPMENT LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12574 (KBO)<br><br>(Jointly Administered)<br><br>**Docket Ref. Nos. 154, 207, 285, 287, 288, 289, 320, 321, 322, 323, 325, 326, & 346** |

**SUPPLEMENTAL DECLARATION OF ERIC MILLARD, INDEPENDENT MANAGER, IN SUPPORT OF THE PROPOSED SALES OF CERTAIN OF THE DEBTORS' ASSETS TO UGE CAPITAL LLC AS SUCCESSFUL PURCHASER OR BACK-UP PURCHASER, AS APPLICABLE**

I, Eric Millard, hereby declare that the following is true and correct to the best of my knowledge, information, and belief under penalty of perjury as follows:

1. I am an independent manager of Debtors OYA Renewables Development LLC ("ORD"), OYA Renewables Construction and Yield Holdings LLC ("ORCYH"), and OYA Renewables EquipmentCo LLC ("ORECO," and, together with ORD and ORCYH, and their debtor affiliates in the above captioned chapter 11 cases, the "Debtors," and, collectively with their non-debtor affiliates, the "Company"). I have served as independent manager for the Debtors since April 17, 2024.

2. I am over the age of 18 years and am authorized to submit this supplemental declaration (this "Supplemental Declaration") on behalf of the Debtors. If called to testify, I could and would testify competently to the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are OYA Renewables Development LLC (7738), OYA Renewables Construction and Yield Holdings LLC (9227), OYA Renewables EquipmentCo LLC (6444), OYA Renewables Construction Holdings 3 LLC (2317), OYA-Rosewood Holdings LLC (1673), OYA Renewables Construction Holdings 2 LLC (9296), OYA Renewables Yield-1 LLC (4326), and OYA-OMNI Development Company, LLC (9784). The Debtors' service address is c/o Ankura Consulting Group, LLC, 2 Houston Center, 909 Fannin Street, Suite 2450, Houston, TX 77010, Attn: John Shepherd.

32806822.3

1

…

3. In addition to my experience at the Debtors, I have over 15 years of board-level, executive, and managerial experience in the renewable energy industry. I am currently Chief Commercial Officer at CS Energy, a national solar and battery storage development and EPC firm, where I am responsible for overseeing the company's project development business and all commercial aspects of its engineering, procurement, and construction business. During my time at CS Energy, I served as a board member of a renewable energy development business that focused on developing community solar and utility scale solar projects in the northeastern United States. Previously, I worked in a variety of managerial positions in solar, wind, and biomass power businesses.

4. I have previously submitted the *Declaration of Eric Millard, Independent Manager, Affirming the Declaration of John Shepherd in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 154] (the "Prior Declaration") and the *Declaration of Eric Millard, Independent Manager, in Support of the Proposed Sales of the Debtors' Assets* [Docket No. 320] (the "First Millard Sale Declaration" and, with the Prior Declaration, the "Declarations"),[2] and I further affirm and incorporate the Declarations, to the extent relevant, into this Supplemental Declaration in support of the Bidding Procedures and Sale Motion and the Proposed UGE Sale Orders (as defined below).

5. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge of the Debtors' operations and finances, my discussions with the Company's management and other advisors, my review of relevant documents, or my opinions based upon experience, knowledge, and information concerning the Debtors' operations

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Declarations, the Successful UGE Purchase Agreement (as defined herein), or the Back-Up UGE Purchase Agreements (as defined herein), as applicable.

32806822.3

financial affairs. I have reviewed and I am generally familiar with the Bidding Procedures and Sale Motion, the Bidding Procedures Order, the Auction, and the Sale Process. If called upon to testify, I could and would testify competently to the facts set forth herein.

**The Release**

6. Prior to the Bid Deadline,[3] UGE Capital LLC ("UGE" or the "Buyer") submitted a purchase agreement in which UGE included a release provision (the "Release"), as further described below.

7. As a Qualified Bidder, UGE participated in the Auction, after which UGE was deemed the Successful Bidder for the Debtors' Assets included in Lot 4 and Lot 5 (together, the "Lots 4/5 Assets"), the Back-Up Bidder for the Assets of Debtor OYA-Renewables Yield-1 LLC (the "ORY-1 Assets"), and the Back-Up Bidder for the Assets included in Lot 6 (the "Lot 6 Assets").[4] *See* Docket No. 285.

8. In the time since the Auction concluded, the Debtors, UGE, and other parties in interest, including the Committee and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), have engaged in robust negotiations regarding the terms of the Successful UGE Purchase Agreement and the Back-Up UGE Purchase Agreements,[5] including the Release. On January 15, 2025, the Debtors filed Proposed Sale Orders for the Assets for which UGE was either deemed the Successful Bidder or the Back-Up Bidder [Docket Nos. 287, 288, 289] (as revised and may be further revised, the "Proposed UGE Sale Orders"), and on

---

[3] Pursuant to the *Notice of Modification to Bidding Procedures and the Sale Schedule* [Docket No. 207], the Bid Deadline was set for December 20, 2024.

[4] "Lot 4," "Lot 5," and "Lot 6" are defined in the *First Amended Notice of Successful Bidders and Back-Up Bidders* [Docket No. 285].

[5] The "Successful UGE Purchase Agreement" means that Successful Purchase Agreement relating to the Sale of the Lots 4/5 Assets. The "Back-Up UGE Purchase Agreements" mean, collectively, that Back-Up Purchase Agreement relating to the Sale of the ORY-1 Assets and that Back-Up Purchase Agreement relating to the Sale of the Lot 6 Assets.

January 22, 2025, the Debtors filed revised versions of certain of the Proposed UGE Sale Orders [Docket Nos. 321, 322 (sealed), 323 (redacted)]. None of these versions of the Proposed UGE Sale Orders included the applicable Successful UGE Purchase Agreement or Back-Up UGE Purchase Agreements, as the parties continued to negotiate terms.

9. As further revised and filed on January 27, 2025, the Proposed UGE Sale Order approving the Sale of Lots 4/5 Assets [Docket No. 346] and the accompanying Successful UGE Purchase Agreement provide for the Release by the Releasors[6] in favor of the Released Parties[7] of any and all Actions, executions, Orders, duties, debts, dues, accounts, bonds, Liabilities, Contracts and covenants (whether express or implied), and claims and demands whatsoever whether in law or in equity (whether based upon contract, tort or otherwise), which any of the Releasors may have against any of the Released Parties, now or in the future, in each case, in respect of any cause, matter or thing relating to the Bankruptcy Case or the Sale (as defined in the Sale Procedures) process or any action taken or failed to be taken by any of the Released Parties in respect thereof, in each case, from the Petition Date to the Closing Date. Further, the Release provides that from and after the Closing and notwithstanding any applicable statute of limitations, each Seller shall not and shall cause each of the other Releasors not to, bring any Action against the Buyer, the Transferred Subsidiaries or any of the other Released Parties, whether at law or in equity, with respect to any of the rights or claims waived and released by the Seller on behalf of itself and the

---

[6] "Releasors," as defined in the UGE Purchase Agreement, means each Seller, on behalf of itself and each of its Affiliates (other than the Transferred Subsidiaries) and each of its and their respective past, present or future officers, directors (and Persons in similar positions), employees, agents, general or limited partners, managers, management companies, members, advisors, stockholders, equity holders, controlling Persons, other Representatives, or any heir, executor, administrator, successor or assign of any of the foregoing.

[7] "Released Parties," as defined in the UGE Purchase Agreement, means the Buyer and each Transferred Subsidiary, their respective Affiliates and each of the foregoing's respective past, present or future officers, directors (and Persons in similar positions), employees, agents, general or limited partners, managers, management companies, members, advisors, stockholders, equity holders, controlling Persons, other Representatives, or any heir, executor, administrator, successor or assign of any of the foregoing.

32806822.3

4

other Releasors hereunder.

10. The Debtors anticipate that, when filed, the further revised Proposed UGE Sale Order approving the Sale of the ORY-1 Assets, the revised Proposed UGE Sale Order approving the Sale of the Lot 6 Assets, and the applicable Back-Up UGE Purchase Agreements will include a similar Release.

11. I believe that the Release reflects a valid exercise of the Debtors' business judgment and is fair, reasonable, and in the best interests of the Debtors' estates.

12. First, I am not aware of any colorable claims that the Debtors have against the Released Parties.

13. Second, to the best of my knowledge, the Debtors have not done business with the Buyer since at least January 1, 2023.

14. Third, the Released Parties have made substantial and valuable contributions to the Debtors' Chapter 11 Cases, the Sale Process, and the ability for the Debtors to continue administering these Chapter 11 Cases. By purchasing the applicable Assets on the terms set forth in the Successful UGE Purchase Agreement or the Back-Up UGE Purchase Agreements, as applicable, the Buyer is providing an avenue for the Debtors to successfully navigate these Chapter 11 Cases, repay their DIP Obligations, and pursue confirmation of a chapter 11 plan.

15. The Release was negotiated at arm's-length over a multi-week period by the Debtors, UGE, and various other parties in interest, including the Committee and the U.S. Trustee. The Release is a necessary and integral component of the Proposed UGE Sale Orders, and UGE has been steadfast that this Release is important to their willingness to consummate the Sales. I understand that the Release complies with the Bankruptcy Code and applicable non-bankruptcy law. The Release is being provided in exchange for, and is supported by, fair, sufficient, and

adequate consideration provided by the Buyer as part of the total purchase price set forth in the Successful UGE Purchase Agreements and Back-Up UGE Purchase Agreements, as applicable. It is my understanding that the terms of the Proposed UGE Sale Orders, including the Release, do not exculpate or release the Buyer with respect to any third-party direct or personal prepetition claims or defenses that a person may have independent of any claims or causes of action of the Debtors and the Debtors' estates (including derivative claims).

## Conclusion

16.     Accordingly, based upon my experience and personal knowledge, I believe that the Debtors' determination to enter into the Successful UGE Purchase Agreement or Back-Up UGE Purchase Agreements, as applicable, and to seek approval of the Proposed UGE Sale Orders on the terms set forth therein, including the Release, represents a valid exercise of the Debtors' business judgment and is fair, reasonable, and in the best interests of the Debtors' estates.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: January 29, 2025

<div style="margin-left:50%">

Respectfully submitted,

*/s/ Eric Millard*
By: Eric Millard
Independent Manager
OYA Renewables Development LLC and its affiliated Debtors

</div>